FRANCIS B. WALLACE AND JOHN F. PHILLIPS, RESPONDENTS, v. ROBERT H. BERDELL, APPELLANT.

MARGARET C. WALLACE, AS EXECUTRIX, ETC., RESPONDENT, v. ROBERT H. BERDELL, CHARLES P. BERDELL AND LIZZIE A. BERDELL, APPELLANTS, IMPLEADED, ETC.

*Restitution of property sold under a judgment reversed on appeal — Code of Civil Procedure, sec. 1292 — what relief a court of equity will afford to a party required to make such restitution.*

APPEAL from an order of this court, made at the Dutchess Special Term and entered in Orange county, directing the

county clerk of Orange county to cancel the satisfaction of the judgment against the defendant in the action number one first above entitled, and to remove from the files and deliver to James W. Hoyt, late sheriff of Orange county, an attachment against the property of the defendant issued in the same action, and an execution issued on the same judgment, and also directing Hoyt to cancel certain portions of his returns upon these papers and to proceed to their enforcement.

The plaintiff in action number one brought a suit against the defendant Berdell, to recover a money demand on contract, and in that action an attachment to James W. Hoyt, then sheriff of Orange county, was issued against the property of Berdell as an absconding and fraudulent debtor. The sheriff seized certain property, real and personal, under the attachment, and subsequently the plaintiff, having recovered a judgment in the action, issued an execution thereon and delivered the same to the sheriff holding the attachment. Under the execution so issued and delivered he sold all the property he had seized under the attachment.

Subsequently the plaintiff commenced action, number two, in aid of the attachment, judgment and execution to set aside certain conveyances and a judgment in favor of one of the defendants. The trial of that action eventuated in a judgment in favor of the plaintiff, directing a sale of so much of the property seized by the sheriff as would satisfy the amount remaining due on the judgment in action number one, the costs in action number two and the sheriff's fees. Such a sale was made, and at it the plaintiff in the action number one and another creditor of Berdell, for the benefit of themselves and others similarly situated, bought lands at a price sufficient to satisfy the requirements of the judgment in action number two, and the execution in action number one, and the attorneys executed receipts to the sheriff for the amount so bid. A deed was executed and delivered for the lands so purchased, and they passed into the possession of the grantees. The judgment in action number two was subsequently reversed by the Court of Appeals, and restitution of the property sold was ordered and made, and a new trial was also directed. After the sale the sheriff filed the attachment and execution issued in action number one, with the receipts of the attorneys, and made a return of full satisfaction of the judgment.

The court at General Term said: "The facts recited furnish an entire justification of the order granted, which restores the parties to the position they occupied at the commencement of action number two, in aid of the attachment, and simply vacates and nullifies the papers made on the erroneous assumption of the validity of the judgment in action number two, and the effectual character of the sale of the real property under the judgment in that action. The plaintiff was forced to yield up and restore the property, which produced the nominal satisfaction of the records; and now equity and justice require that his judgment and execution should be restored also. (*Adams* v. *Smith*, 5 Cow., 280; *Piper* v. *Elwood*, 4 Denio, 165; *Harris* v. *Palmer*, 5 Barb., 105.)

"It was the object of this order to relieve the purchaser from an improvident bargain, and no court would undertake to administer such relief. There is no warranty of title at any judicial sale, and purchasers buy and pay their money at them at their own peril. But in this case the property received was handed back and restored; and if now the courts refuse to restore the judgment and execution also, then the defendant Berdell will be permitted, in effect, to pay the judgment against him with the property, and then receive it back and retain it also."

The order should be affirmed, with ten dollars costs and disbursements.

*Taylor & Parker*, for the appellants.

*Bacon & Merritt*, for the respondents.

Opinion by DYKMAN, J.; CULLEN, J., concurred; BARNARD, P. J., not sitting.

Orders in these cases affirmed, with costs and disbursements.